IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 04-cv-1006-RPM

SPECIAL SITUATIONS FUND III, L.P.,
SPECIAL SITUATIONS CAYMAN FUND, L.P.,
SPECIAL SITUATIONS TECHNOLOGY FUND NEW, L.P., and
SPECIAL SITUATIONS TECHNOLOGY FUND II, L.P.,
on behalf of themselves and all others similarly situated,

        Plaintiffs,

v.

QUOVADX, INC.
LORINE R. SWEENEY and
GARY T. SCHERPING,
JEFFREY M. KRAUSS,
FRED L. BROWN,
J. ANDREW COWHERD,
JAMES B. HOOVER,
CHARLES J. ROSSLEIN, and
JAMES A. GILBERT

        Defendants.

---

## ORDER CERTIFYING CLASS

On May 17, 2004, Gayle Henderson brought this securities fraud class action against defendant Quovadx, Inc., and eight individual defendants, alleging violations of §§ 11 and 15 of the Securities Act of 1933, 15 U.S.C. § § 77k and 77o. On August 1, 2005, the court appointed four related entities, collectively referred to as the Special Situations Funds, as the lead plaintiffs for the proposed class pursuant to the provisions of the Private Securities Litigation Reform Act, 15 U.S.C. § U.S.C. 77z-

1(a)(3)(B)(v).

On October 27, 2005, the Special Situations Funds moved pursuant to Fed. R. Civ. P. 23 for class certification. The defendants have not opposed class certification.

Upon consideration of the pleadings, the motion, and the supporting memorandum and declarations, the court finds and concludes that this action should proceed as a class action.

The class is defined in the First Amended Complaint as all persons and entities, other than Defendants, who acquired Quovadx common stock in connection with Quovadx's exchange offer for all of the outstanding shares of Rogue Wave Software, Inc. which became effective on or about December 19, 2003. The following persons are excluded from the class: the defendants, members of the immediate family of each of the individual defendants, any person, firm, trust, corporation, officer, director or other individual or entity in which any defendant has a controlling interest or which is related to or affiliated with any of the defendants, and the legal representatives, agents, affiliates, heirs, successors in interest or assigns of any excluded party.

The class so defined meets the requirements of Rule 23(a). The class is sufficiently numerous that joinder of all members is impracticable. Significant common issues of law and fact exist as to all the class members, including questions about whether Quovadx's Registration Statement on Form S-4 relating to the exchange offer misrepresented the financial condition of Quovadx. The claims of the Special Situations Funds are typical of those of the absent class members. No conflicts have been identified between the Special Situations Funds and the interests of the class,

and lead counsel appear willing and able to adequately and vigorously represent the interests of the class.

The action also satisfies the requirements of Rule 23(b)(3).  Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Based on the foregoing, it is

ORDERED that motion of plaintiffs Special Situations Fund III, L.P., Special Situations Cayman Fund, L.P., Special Situations Technology Fund New, L.P., and Special Situations Technology Fund II, L.P. for class certification is granted.

Dated:  November 10th, 2005

BY THE COURT:

s/Richard P. Matsch

Richard P. Matsch, Senior District Judge