# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01006-RPM

SPECIAL SITUATIONS FUND III, L.P.;
SPECIAL SITUATIONS CAYMAN FUND, L.P.;
SPECIAL SITUATIONS TECHNOLOGY FUND NEW, L.P.; and
SPECIAL SITUATIONS TECHNOLOGY FUND II, L.P., on behalf of themselves and others similarly situated,

      Plaintiffs,

QUOVADX, INC.;
LORINE R. SWEENEY;
GARY T. SCHERPING;
JEFFREY M. KRAUSS;
FRED L. BROWN;
J. ANDREW COWHERD;
JAMES B. HOOVER;
CHARLES J. ROESSLEIN, and
JAMES A. GILBERT,
      Defendants.

## ORDER ON LEAD PLAINTIFFS' MOTION
## FOR PARTIAL SUMMARY JUDGMENT

THIS MATTER having come before this Court upon Lead Plaintiffs' Motion for Partial Summary Judgment as to Liability (the "Motion"); and having considered the affidavits and arguments submitted by lead plaintiffs in support of said Motion; and having considered the Statement of Non-Opposition submitted by defendant Quovadx, Inc. ("Quovadx") in response to the Motion; and having considered the withdrawal of said Motion with respect to defendants Lorine Sweeney, Gary L. Scherping, Jeffrey M. Krauss, Fred L. Brown, J. Andrew Cowherd, James B. Hoover, Charles J. Roesslein and James A. Gilbert (collectively, the "Individual Defendants"); and the Court being advised in the premises and for good cause shown, hereby ORDERS that:

Said Motion is GRANTED as to Quovadx, pursuant to the following Findings of Fact and Conclusions of Law:

**A.   Findings of Fact**

1. On November 3, 2003, Quovadx filed its Form 10-Q for the third quarter of 2003, ending September 30, 2003 (Lead Plaintiffs' Memorandum of Law in Support of Their Motion for Partial Summary Judgment as to Liability ("Memo.") at 3).

2. The financial statements for Quovadx for the third quarter of 2003, which were contained in the Form 10-Q for the third quarter of 2003, reported that revenues for that quarter were approximately $19.9 million (*id.*)

3. The revenues reported by Quovadx for the third quarter of 2003 included revenue recognized from sales to Infotech Network Group ("Infotech") (*id.*).

4. On November 4, 2003, Quovadx announced that it had executed a definitive agreement for the acquisition of Rogue Wave Software, Inc. ("Rogue Wave") (*id.* at 1).

5. The acquisition was structured as an exchange offer which provided that Quovadx would acquire all of the outstanding stock of Rogue Wave for $4.09 in cash and 0.5292 of a share of Quovadx common stock for each share of Rogue Wave common stock. (*id.*).

6. On November 12, 2003, Quovadx filed a Registration Statement on Form S-4 (the "Registration Statement") with the Securities and Exchange Commission in connection with its offer to exchange the common stock of Rogue Wave (*id.* at 4).

7. The Registration Statement incorporated by reference Quovadx's Form 10-Q for the third quarter of 2003 (*id.*).

8.  The Registration Statement, as amended, became effective on December 19, 2003 (*id.*).

9.  On December 19, 2003, Quovadx completed the acquisition of all of the outstanding shares of Rogue Wave (*id.*).

10. On March 15, 2004, Quovadx announced that it restated its financial statements for the third quarter of 2003 to eliminate all revenue previously recognized from sales to Infotech (*id.* at 5).

11. As a result of the restatement of the financial statements for the third quarter of 2003, revenues for that quarter were reduced by $4.6 million to approximately $15.2 million (*id.*).

### B.  **Conclusions of Law**

1.  The amount of revenues originally reported in Quovadx's Form 10-Q for the third quarter of 2003, as incorporated by reference in the Registration Statement, constituted an untrue statement of material fact.

2.  Because the Registration Statement, when it became effective, contained the aforementioned untrue statement of material fact, Quovadx is liable under Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k, to members of the Class (as defined by this Court's Order dated November 10, 2003).

The Court further ORDERS that said Motion is DENIED as moot as to the Individual Defendants.

Nothing in this Order shall be construed as determining whether the misstatement in the Registration Statement caused any damage to the members of the Class, or the amount of damages that may be recovered by particular members of the Class.

-4-

Nothing in this order shall be construed as precluding Lead Plaintiffs from moving for summary judgment on any other theories of liability, including on the grounds that the Registration Statement omitted facts in violation of Section 11.

Dated: March 10th , 2006

BY THE COURT:

s/Richard P. Matsch

_____
HON. RICHARD P. MATSCH
UNITED STATES DISTRICT JUDGE

408224v1