## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01006-RPM

SPECIAL SITUATIONS FUND III, L.P. *et al.*, on behalf of themselves and others similarly situated,

Plaintiffs,

v.

QUOVADX, INC. *et al.*,

Defendants.

---

## ORDER APPROVING NOTICE PLAN

---

On May 22, 2006, Lead Plaintiffs Special Situations Fund III, L.P., Special Situations Cayman Fund, L.P., Special Situations Technology Fund New, L.P., and Special Situations Technology Fund II, L.P. ("Lead Plaintiffs") and Defendant Quovadx, Inc. ("Quovadx") (collectively, "the Moving Parties") filed their Unopposed Joint Motion for Approval of Proposed Notice Plan ("Joint Motion").  Defendants Lorine R. Sweeney ("Sweeney"), Gary T. Scherping ("Scherping"), Jeffrey M. Krauss ("Krauss"), Fred L. Brown ("Brown"), J. Andrew Cowherd ("Cowherd"), James B. Hoover ("Hoover"), Charles J. Roesslein ("Roesslein"), and James A. Gilbert ("Gilbert") (collectively, "the Individual Defendants") do not object to the relief sought in the Joint Motion.  Having reviewed and considered the Joint Motion, the Court now finds, concludes, and orders as follows:

1.      Lead Plaintiffs and Quovadx have submitted a proposed Notice of Class Action Lawsuit and Dismissal of Individual Defendants ("Notice") and a proposed Request for Information to Class Members ("Questionnaire") (together, "the Notice Materials"), copies of which are attached to the Joint Motion as Exhibits 3 and 4, respectively.  They also propose a

plan for distributing, by first-class United States Mail, the Notice Materials to all Class Members and Class Members' brokers and proxy representatives who can be identified by Quovadx or Quovadx's transfer agent.

2.      The Notice fairly, accurately, and reasonably informs the Class Members of (1) appropriate information about the nature and history of this litigation, Lead Plaintiffs' claims, and Defendants' defenses; (2) appropriate information about how to obtain additional information regarding this litigation and additional copies of the Notice Materials; (3) appropriate information about how to exclude themselves from the Class and the consequences thereof; and (4) appropriate information about how Class Members' brokers or proxy representatives can provide their Quovadx shareholder information to the Court-appointed Administrator (defined below) or obtain from the Administrator, free of charge, additional copies of the Notice Materials.  The Notice fairly and adequately informs the Class Members that if they do not comply with the procedures and the deadline for submitting Requests for Exclusion, they will remain members of the Class, will be represented in the litigation by Lead Plaintiffs and Class Counsel, will retain the right to participate in the judgment and recover damages if Lead Plaintiffs and the Class prevail at trial, will be bound by the final judgment entered by the Court, will lose any opportunity to bring a similar, separate lawsuit against any of the Defendants in any court, and will not recover any damages from the individual officer and director defendants ("Individual Defendants") because Lead Plaintiffs have voluntarily dismissed without prejudice the claims against the Individual Defendants.

3.      Lead Plaintiffs and Quovadx also propose that the Administrator establish an Internet website through which the Moving Parties will publish information regarding the

litigation and provide a means by which Class Members and their brokers or other nominees can request additional copies of the Notice Materials, and establish a toll-free telephone number that Class Members and brokers and other nominees can call to request additional copies of the Notice Materials or additional information regarding the litigation.

4.      The proposed plan for distributing the Notice Materials appears reasonably likely to notify the Class Members of this litigation and their rights therein, and there appears to be no additional mode of distribution that would be reasonably likely to notify Class Members who will not receive notice pursuant to the proposed distribution plan.  The proposed notice plan also satisfies the notice requirements of due process and Federal Rules of Civil Procedure 23(c)(2)(B) ("Rule 23(c)(2)(B)").

5.      The Court, having reviewed the proposed Notice, the proposed Questionnaire, and the proposed plan for dissemination of the Notice Materials, finds and concludes that the Notice and Questionnaire together with the proposed plan for distributing those Notice Materials will provide the best notice practicable and satisfies all applicable requirements of law. Accordingly, the Court hereby orders as follows:

A.      The form and content of the proposed Notice and the proposed Questionnaire are hereby approved.

B.      Promptly following the entry of this Order, Quovadx's counsel and Class Counsel shall prepare a final version of the Notice Materials, incorporating the Administrator's contact information and the deadlines set forth below.

C.      Within 10 days of the entry of this Order, Quovadx shall provide to the Administrator, with a copy to Class Counsel, information within Quovadx's possession,

custody, or control, including information within Quovadx's transfer agent's possession, custody, or control, that is in readable electronic or paper format and is sufficient to identify those Class Members who are known to Quovadx (or Quovadx's transfer agent) or who can be reasonably identified from Quovadx's (or Quovadx's transfer agent's) records.

D.      As soon as practicable, but no later than 30 days after the Court's entry of this Order, Lead Plaintiffs and Quovadx shall cause to be sent by the Administrator, by first-class United States Mail, to every Class Member whose address reasonably can be identified in Quovadx's (or Quovadx's transfer agent's) records, including each reasonably identifiable brokerage house, financial institution, or other nominee that, as of December 19, 2003, held registered Rogue Wave Software, Inc. securities on behalf of a beneficial holder, a copy of the Notice Materials incorporating the deadlines set forth below.

E.      Before mailing the Notice Materials, the Administrator will obtain address updates utilizing a National Change of Address ("NCOA") database.  In mailing the Notices, the Administrator will utilize any updated addresses for Class Members that can be obtained from the NCOA database.

F.      Before mailing the Notice Materials by the Administrator, a copy of the Notice Materials incorporating the deadlines set forth below shall be published on the Administrator's Internet website, and the Administrator shall establish a toll-free telephone number that Class Members and securities brokers and other nominees can call

to request additional copies of the Notice Materials or additional information regarding the litigation.

G.     Within 45 days after the Court's entry of this Order, Class Counsel will file with the Court, and provide to all Defendants a copy of, a declaration of compliance with paragraphs B through F above, including a statement of the number of persons to whom the Notice Materials were mailed.

H.     Rust Consulting, Inc. is hereby approved as the Administrator, whose costs in administering the notice plan are to be paid by Quovadx and Lead Plaintiffs, with each side responsible for 50% of the Administrator's costs.   The Administrator shall perform the following functions in accordance with this Order and subsequent Orders that may be entered by the Court in this case:

i.     Mail, to each member of the Class whose address reasonably can be identified in Quovadx's (or Quovadx's transfer agent's) records, including each reasonably identifiable brokerage house, financial institution, or other nominee that, as of December 19, 2003, held registered Rogue Wave Software, Inc. securities on behalf of a beneficial holder, a copy of the Notice Materials incorporating the deadlines set forth below;

ii.     Before mailing such Notice Materials, the Administrator will obtain or cause to be obtained address updates utilizing a National Change of Address database.   In mailing such Notice Materials, the Administrator will use any updated addresses thus obtained.   If any Notice and Questionnaire are returned to the Administrator bearing a forwarding address for a member of the

Class, the Administrator shall make one attempt to mail the Notice and Questionnaire to that Class Member's forwarding address.

      iii.    Before mailing such Notice Materials, the Administrator shall establish an Internet website that Class Members can visit to review and obtain copies of the Notice Materials and to obtain additional information regarding the litigation.

      iv.    Before mailing such Notice Materials, the Administrator shall establish a toll-free telephone number that Class Members and securities brokers or other nominees can call to request additional copies of the Notice Materials or additional information regarding the litigation.

      v.    Before mailing such Notice Materials, the Administrator shall utilize or establish a postal address to which Class Members can mail their completed Questionnaires and Requests for Exclusion.

      vi.    The Administrator shall process Requests for Exclusion from the Class and, not later than 10 business days after the deadline for submission of Requests for Exclusion, provide to Class Counsel and Quovadx's counsel copies of the Requests for Exclusion and a written list of the names of all persons who submitted Requests for Exclusion.  Class Counsel and Quovadx shall jointly report in writing to the Court, within 30 days after the deadline for submission of Requests for Exclusion, the names of all such persons.

      vii.    The Administrator shall receive, image, and enter into a database the information obtained from the Questionnaires returned by Class Members.

viii.    The Administrator shall provide to Quovadx's counsel and Class Counsel, within 15 days after the deadline for the Class Members to return the Questionnaires, a copy of the Administrator's database of information obtained the Class Members' Questionnaires.

I.    Members of the Class who wish to be excluded from the Class must mail their Requests for Exclusion to the Administrator by first-class United States Mail, postmarked by the United States Postal Service no later than 60 days after the Notice mailing date.

J.    Class Members who wish to have their individual claims and facts considered by the Court in the damages trial must complete in full, sign under penalty of perjury, and send to the Administrator, by first-class United States Mail, postmarked no later than 60 days after the Notice mailing date, a Questionnaire, along with copies of any supporting documentation requested in the Questionnaire.   The failure of any Class Member to properly complete and timely return a Questionnaire shall not preclude that Class Member from filing a claim for compensation after judgment has been entered or a settlement has been approved by the Court.

6.    Accordingly, the Joint Motion is granted.

BY THE COURT:

Dated: May 30th , 2006

s/Richard P. Matsch
_____
The Honorable Richard P. Matsch
United States District Court Judge