**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| SPECIAL SITUATIONS FUND III, L.P., SPECIAL SITUATIONS CAYMAN FUND, L.P., SPECIAL SITUATIONS TECHNOLOGY FUND NEW, L.P., and SPECIAL SITUATIONS TECHNOLOGY FUND II, L.P., on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>QUOVADX, INC., LORINE R. SWEENEY, GARY T. SCHERPING, JEFFREY M. KRAUSS, FRED L. BROWN, J. ANDREW COWHERD, JAMES B. HOOVER, CHARLES J. ROESSLEIN, and JAMES A. GILBERT,<br><br>Defendants. | Civil Action No.<br>1:04-cv-01006-RPM |

**] ORDER GRANTING PRELIMINARY APPROVAL TO CLASS ACTION SETTLEMENT**

WHEREAS, a class action is pending before the Court entitled *Special Situations Fund III, L.P. et al. v. Quovadx, Inc. et al.*, Civil Action No. 1:04-cv-01006-RPM (the "Action");

WHEREAS, the Court has received the Stipulation of Settlement dated January 26, 2007 (the "Stipulation"), that has been entered into by the Lead Plaintiffs and Defendant Quovadx, Inc. ("Quovadx"), and the Court has reviewed the Stipulation and its attached exhibits; and

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance with the Stipulation that, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein ("the Settlement"); and the Court having read and considered the Stipulation and the exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Fairness Hearing described below.

2. A Fairness Hearing shall be held before this Court on May 4, 2007, at 10:00 a.m., at the Byron White United States Courthouse, 1823 Stout Street, Denver, Colorado 80202, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Final Approval Order as provided in Paragraph 1.14 of the Stipulation should be entered herein; and whether Lead Plaintiffs' proposed Plan of Allocation should be approved. In the event that the Court approves the Settlement and the Plan of Allocation, the Court will then set a further hearing to determine the amount of attorneys' fees and reimbursement of expenses that should be awarded to Lead Counsel (the "Fee Hearing").

1

The Court may adjourn the Fairness Hearing or the Fee Hearing without further notice to Members of the Class.

3. The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action, Claim Form and Release, (the "Notice Materials") and the Summary Notice for publication attached to the Stipulation as Exhibits 3 and 4, respectively, and finds that the mailing and distribution of the Notice Materials and the publishing of the Summary Notice substantially in the manner and form set forth in Paragraphs 4 and 5 of this Order meet the requirements of Federal Rule of Civil Procedure 23(e)(1)(B) and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

4. Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints the firm of A.B. Data, Ltd. to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than February 16, 2007 (the "Notice Date"), Lead Counsel shall cause a copy of the Notice Materials, substantially in the form annexed as Exhibit 3 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

(b) Not later than February 16, 2007, Lead Counsel shall cause the Summary Notice to be published once in *Investor's Business Daily*; and

(c) At least ten (10) calendar days prior to the Fairness Hearing, Lead Counsel shall cause to be served on Quovadx's counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

5. Nominees who acquired newly issued Quovadx common stock pursuant to a Registration Statement filed in connection with Quovadx's exchange offer for all outstanding shares of Rogue Wave Software, Inc., which offer closed on December 19, 2003, shall send the Notice Materials to all beneficial owners of such Quovadx securities, or send a list of the names and addresses of such beneficial owners to the Claims Administrator, within ten (10) calendar

days of receipt of the Notice Materials. In the event that a nominee sends the Claims Administrator a list of the names and addresses of beneficial owners, the Claims Administrator shall promptly mail the Notice Materials to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses, or other nominees for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members. Lead Counsel shall provide such requested reimbursement of reasonable expenses out of the Class Notice and Administration Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

6. All Members of the Class who do not timely elect to exclude themselves from the Settlement shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

7. Class Members who wish to participate in the Settlement shall complete and submit Claim Forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be submitted no later than sixty (60) days from the Notice Date. Any Class Member who does not timely submit a properly completed Claim Form within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court.

8. Members of the Class who wish to be excluded from the Settlement must mail their requests for exclusion to the Claims Administrator by first-class United States Mail, postmarked by the United States Postal Service no later than March 16, 2007. All Persons who submit valid and timely requests for exclusion in the manner set forth in the Settlement Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Final Approval Order.

9. Any Member of the Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

10.     Any Member of the Class may appear and show cause, if he, she, or it has any reason why the proposed Settlement of the Action should or should not be approved as fair, reasonable, and adequate to the Class, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Final Approval Order to be entered thereon, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel, unless that Person has delivered by hand or sent by first class U.S. Mail a written objection and copies of any papers and briefs such that they are delivered or postmarked no later than March 16, 2007, to Lawrence M. Rolnick, Esq., of Lowenstein Sandler PC, 65 Livingston Avenue, Roseland, New Jersey 07068, and Michael T. Williams, Esq., of Wheeler Trigg Kennedy LLP, 1801 California Street, Suite 3600, Denver, Colorado 80202, and filed said objection, papers, and briefs with the Clerk of the United States District Court for the District of Colorado, on or before March 16, 2007.  Any Member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel, unless otherwise ordered by the Court.

11.     The Settlement Fund shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation, the Final Approval Order, or any further order(s) of the Court.

12.     All papers in support of the Settlement, the Plan of Allocation, and the Application by Lead Counsel for attorneys' fees or reimbursement of expenses shall be filed and served ten (10) calendar days before the Fairness Hearing.

13. Neither Quovadx nor the Releasees shall have any responsibility for or liability with respect to the Plan of Allocation or any Application for attorneys' fees or reimbursement of expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

14. At or after the Fairness Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Plaintiffs shall be approved. In the event that the Court approves the Settlement and the Plan of Allocation, the Court will set a separate Fee Hearing to consider any Application for attorneys' fees or reimbursement of expenses.

15. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund.

16. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Quovadx or the other Releasees of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

17. The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

DATED: February 8, 2007_____   s/Richard P. Matsch_____
                                          THE HONORABLE RICHARD P. MATSCH
                                          UNITED STATES DISTRICT JUDGE

Submitted by:

Lawrence M. Rolnick, Esq. (LR-0546)
**LOWENSTEIN SANDLER PC**
65 Livingston Avenue
Roseland, NJ 07068-1791
Tel. 973.597.2450
Fax. 973.597.2451
*Lead Plaintiffs' Counsel*

6